Cole v. Dalton.

PETER E. COLE *against* JAMES DALTON.

(Decided June 5th, 1876.)

Where the defendant made an order in writing on a third person, requiring him to pay the plaintiff "$1,000 out of the percentage retained of my contract:" *Held*, that this was not a draft or bill of exchange, and that no action on it as such could be maintained against the drawer upon the failure of the person on whom it was drawn to accept it.

APPEAL by defendant from a judgment of the Marine Court of the city of New York.
The facts are fully stated in the opinion.

*Alex. Thain*, for appellant.

*Erastus Cooke*, for respondent.

ROBINSON, J.—The plaintiff brought his action in the Marine Court against the defendant as the alleged drawer of a bill of exchange, of which the following is a copy :

" Messrs. Dillon, Clyde & Co.

" Please pay the bearer, Peter E. Cole, One thousand dollars out of the percentage retained of my contract.   $1,000.

" January 8, 1874.

(Signed)        " James Dalton."

Presentment to and refusal to pay by Dillon, Clyde & Co. is alleged, and notice to defendant of such demand and refusal.

The answer was a general denial.   On the trial, the drawing of the instrument by defendant, its delivery to plaintiff, its presentation to Dillon, Clyde & Co. for payment, and their refusal to pay, and immediate notice of such demand and refusal to plaintiff, and his promise thereupon to pay the draft, was proven.

Upon this evidence a motion to dismiss the complaint was made, " on the ground that the instrument sued on was not a draft."   It was denied, and judgment rendered for the amount thereof and interest.   An appeal from this judgment was taken to the general term of the Marine Court, where, being affirmed, this appeal is taken from that judgment.

The bill or draft being expressly payable out of a particular fund, to wit, the percentage retained by Dillon, Clyde & Co. out of some contract with defendant, its character as a mercantile bill or draft was destroyed by reason of its payment being contingent upon the sufficiency or availability of that fund, which otherwise might prove inadequate (*Averitt, Adm'r*, v. *Booker*, 15 Gratt. [Va.] 165 ; *Jenny* v. *Herle*, 2 Ld. Raym. 1361; Chitty on Bills, 11th Am. ed. 138 ; 1 Daniels on Neg. Inst. 39).   The instrument, therefore, in itself, presented no cause of action.

The only criticism made by the learned counsel for the respondent upon the character of that motion is, that the instrument was characterized " a draft," and not as a bill of exchange. This seems hypercritical ; the terms are commonly used synonymously.

Such an instrument, in common parlance, is known as " a draft," whenever the drawer requests the payment of money to the holder of the order, or draws on the payee in any terms, and has especial reference to inland bills.

The plaintiff's proof, as afforded by the written document or promise to pay, established no cause of action, nor could any specification of any such as might be supplied give legal vitality to the instrument sued on. The judgment was erroneous, and should be reversed, and a new trial granted, with costs to the appellant, to abide the event.

VAN BRUNT, J., concurred.

Judgment reversed.